**PARKER AND CARMODY, LLP**
ATTORNEYS AT LAW
850 THIRD AVENUE
14TH FLOOR
NEW YORK, N.Y. 10022

DANIEL S. PARKER                                                                                          TELEPHONE: (212) 239-9777
MICHAEL CARMODY                                                                                        FACSIMILE:  (212) 239-9175
CHRISTINA S. COOPER                                                                                     DanielParker@aol.com

January 15, 2021

**By email: BRO/EXECASSISTANT@bop.gov**
Heriberto Tellez, Warden
Metropolitan Detention Center
80-29th Street
Brooklyn, NY 11232

**Re: Request for Furlough for TROY YOUNG – Reg. # 79970-054**

Dear Warden Tellez,

      Please accept this request for a 30-day furlough pursuant to 18 U.S.C. § 3622 on behalf of inmate **TROY YOUNG, Reg. No. 79970-054**.

      Given the extraordinary and compelling circumstances of the ongoing coronavirus pandemic, Mr. Young is not able to file this request himself. The furlough would allow Mr. Young to obtain medical treatment, § 3622(a)(2), and engage in activity in the public interest, § 3622(a)(2).

      We have just been advised that Mr. Young was just diagnosed with COVID-19. He already suffers from severe medical issues, to wit, he is a paraplegic, confined to a wheelchair, and has no thyroid, such that he has severe issues regulating his body temperature.  He is already experiencing shortness of breath, extreme fatigue, chest pains, while having great difficulty regulating his body temperature. In addition, he has suffered from a multitude of prior health problems while incarcerated, some of which have resulted in emergency room visits and/or medical treatment at the MDC, including his having suffered 2nd degree burns to his leg, multiple decubitis ulcers, and pitting edema as well as issues regulating his body temperature.  He already is reliant on a catheter.

      A furlough is appropriate under both subsections (a)(2) and (a)(6). First, release is proper to facilitate availability of medical care. 18 U.S.C. § 3266(a)(3). Mr. Young can receive medical care on the outside that will not be available inside of the MDC. Mr. Young – like all of us – is at risk of infection anywhere, but inside the MDC where social distancing is impossible, the risk is acute. Moreover, given Mr. Young's limitations, he requires more time to shower and clean himself on a daily basis, which are more and more difficult given that he is now surrounded by

inmates with COVID. It is our understanding that the MDC reported 168 positive inmate cases three days ago, but now it reports 208 positive cases. Given the sheer volume of cases and the incumbent demands for medical treatment, which is already limited within the MDC – even if it remains fully staffed throughout the pandemic – it is clear that Mr. Young would benefit from medical care outside of prison if he is temporarily furloughed.

Given his high risk of complications from COVID-19, releasing him to shelter in place or, allowing him to be furloughed so that he can be brought to a hospital, and then when able, permitted to recuperate at home and receive continuing care is "consistent with the public interest."

Second, releasing Mr. Young to quarantine and isolate at home, would be a "significant activity consistent with the public interest." 18 U.S.C. § 3266(a)(6). It is not in the public's interest for an already compromised, vulnerable inmate to die unnecessarily as a result of confinement.

Finally, there is reason to believe that Mr. Young "will honor the trust imposed upon him" as required for a furlough. Mr. Young is confined to a wheelchair and was out on bail pending his surrender at the time of his guilty plea, appearing in court knowing full-well that he was going to be remanded at a time when he was facing sentencing Guidelines significantly exceeding the sentence that was ultimately imposed.

If released, Mr. Young will return to his mother's home Newburgh.

Please inform us of your decision on this request as soon as you can. Thank you for your consideration of this request.

                                        Respectfully submitted,

                                        Daniel S. Parker
                                        Michael Bachrach

                                        *Attorneys for Troy Young*

Cc:
AttorneyMedicalRequests@bop.gov
spapapetru@bop.gov,
a10johnson@bop.gov,
jxxwallace@bop.gov,
nmcfarland@bop.gov