UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
TROY YOUNG,

                Petitioner,

    -v-

UNITED STATES OF AMERICA and
MDC BROOKLYN, HERIBERTO TELLEZ,
Warden,

                Respondents.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**21 Civ. 340**

## MEMORANDUM OF LAW IN SUPPORT OF TROY YOUNG'S PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

Michael K. Bachrach, Esq.
224 West 30th Street, Suite 302
New York, NY 10001
Office: (212) 929-0592
Cell: (917) 304-5044
Michael@MBachlaw.com

Daniel S. Parker, Esq.
Parker and Carmody, LLP
850 Third Avenue, 14th Floor
New York, NY 10022
Cell: (917) 670-7622
DParker@ParkerandCarmody.com

*Attorneys for Petitioner Troy Young*

## MEMORANDUM IN SUPPORT OF REQUEST FOR WRIT OF HABEAS CORPUS

### TROY YOUNG SHOULD BE GRANTED A 30-DAY FURLOUGH BECAUSE OF HIS MEDICAL CONDITION AND COVID DIAGNOSIS

### PRELIMINARY STATEMENT

Petitioner Troy Young is a 26-year-old paraplegic, confined to a wheelchair, and has an inoperable thyroid gland, such that he has severe issues regulating his body temperature. He was diagnosed with COVID-19 on the night of Thursday, January 14, 2021. He is already experiencing shortness of breath, extreme fatigue, chest pains, while having great difficulty regulating his body temperature.

Mr. Young is incarcerated in the Metropolitan Detention Center ("MDC") Brooklyn,[1] where COVID is raging, diagnosed inmates are confined to their cells for hours on end, medical care is *de minimis*, and resources are stretched.

We write requesting that the Court issue this Writ, granting Petitioner a 30-day furlough pursuant to 18 U.S.C. § 3622.

We likewise request that the Court issue a temporary restraining order for immediate transfer of Petitioner to home confinement and/or a hospital without delay for 30 days while this Writ application is pending.

---

[1] The MDC Brooklyn, like all Federal Prisons nationwide, is currently on "lockdown" in advance of the inauguration.  *See* https://www.axios.com/federal-prisons-lockdown-biden-inauguration-48ac11cc-b076-494b-8f96-75787efdfb47.html  We are unaware whether the "lockdown" further impedes Mr. Young's ability to receive medical care at this time.

2

## STATEMENT OF JURISDICTION

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 2241 because Petitioner's term in federal custody is being executed in a manner that violates the Constitution and laws of the United States.

2. The Court has subject matter jurisdiction over this Petition pursuant to Article I, § 9, c.2 of the U.S. Constitution (Suspension Clause); the Fifth and Eighth Amendments to the U.S. Constitution; 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1651 (All Writs Act); and 28 U.S.C. § 2241 (habeas corpus). In addition, the Court has jurisdiction to grant declaratory and injunctive relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

3. This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 because the action arises out of the Constitution and laws of the United States and seeks corrective action by officers and employees of the United States in their official capacity.

4. Petitioner additionally invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1343(a)(4) because Petitioner seeks to redress deprivation of rights guaranteed by both the Constitution and federal statutes.

5. Venue is proper in the Eastern District of New York because Petitioner is housed within the MDC in this district. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his physical custody within the United States, he should . . . file the petition in the district of confinements.").

## STATEMENT OF LAW

6. Section 2241(c)(3) authorizes courts to grant habeas corpus relief where a person is "in custody in violation of the United States." The Second Circuit has "long interpreted § 2241 as applying to challenges to the execution of a federal sentence, including such matters as . . .

prison conditions." *Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008). This includes challenges to detention where conditions pose a threat to detainees' medical well-being. *See Roba v. United States*, 604 F.2d 215, 218-19 (2d Cir. 1979).

7. The Second Circuit's decision in *Roba* is instructive. In that case, the petitioner alleged that an imminent transfer from New York to face charges in California would create a substantial risk of death because of his precarious heart condition. The Second Circuit held that there was § 2241 jurisdiction to challenge his contemplated transfer, where such custody would threaten his life.

8. In this case, the unconstitutional threat to Petitioner's health and life posed by being held in Respondent's custody is ongoing. His medical condition is deteriorating and conditions inside the MDC are worsening.

9. Mr. Young is a paraplegic and his thyroid gland was obliterated when he was shot in 2017. His body can no longer regulate its temperature and he vacillates from having the chills to perspiring. A well-documented symptom of COVID is high fever, with its attendant health risks. Because of his medical vulnerability, every hour that Petitioner is held in the MDC he is subject to a significantly elevated risk of suffering further severe and possibly permanent complications as a result of his having contracted COVID a few days ago. The BOP's ability to be as attentive to him as necessary is already constrained by the number of other currently infected inmates, physical and practical space limitations inside the prison, security issues, and resources. The risk to Petitioner of dying from coronavirus is significant.

10. Ordinarily an inmate must request a furlough from the warden of the facility in which she or he is housed. 28 C.F.R. § 570.37(a). Appeals of the warden's decision ordinarily follow the Bureau of Prison's ("BOP") Administrative Remedy Program. *Id* § 570.37(c); *see*

4

*generally Atkinson v. Linaweaver*, 2013 WL 5477576, at *1 (S.D.N.Y. Oct. 2, 2013) (reviewing and dismissing 2241 action on exhaustion grounds) (Furman, J.). District courts regularly review in habeas decisions that follow this administrative appeals process. *E.g.*, *United States v. Basciano*, 369 F.Supp.2d 344, 348 (E.D.N.Y. 2005); *Zucker v. Menifee*, 2004 WL 102779, at *4 (S.D.N.Y. Jan. 21, 2004); *see also Atkinson*, 2013 WL 5477576, at *1.

11. Mr. Young, through counsel, requested a 30-day furlough on January 15, 2021. He has not received a response from the Warden at the MDC.

12. Petitioner is excused from 28 U.S.C. § 2241's prudential exhaustion requirement. The statutory exhaustion requirement of Prison Litigation Reform Act does not apply to this action. *See Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001).

13. In cases brought under 28 U.S.C. § 2241, courts may excuse failure to strictly comply with administrative procedures where good cause is found. Exhaustion can be excused when "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question." *Beharry v. Ashcroft,* 329 F.3d 51, 62 (2d Cir. 2003).

14. Exhaustion would be futile under these circumstances because, at the speed at which BOP administrative requests get processed, by the time a decision is reached, the harm will be complete.

15. This case is distinguishable from *Atkinson*, in which the Court dismissed a Section 2241 challenge for failure to exhaust. *See Atkinson,* 2013 WL 5477576, at *1. In *Atkinson*, the petitioner never "even attempted to show cause" for his failure to exhaust and the Court concluded that he "he has not, and likely cannot, show that he would be prejudiced by complying with the

5

BOP's Administrative Remedy Program." *Id.* at *3. In this case, by contrast, Mr. Young demonstrates two separate grounds for non-exhaustion: futility and irreparable harm.

16. As set forth in 18 U.S.C. § 3622, "The Bureau of Prisons may release a prisoner from the place of his imprisonment for a limited period if such release appears to be consistent with the purpose for which the sentence was imposed and any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2), if such release otherwise appears to be consistent with the public interest and if there is reasonable cause to believe that a prisoner will honor the trust to be imposed in him, by authorizing him, under prescribed conditions, to—

    **(a)** visit a designated place for a period not to exceed thirty days, and then return to the same or another facility, for the purpose of—

        **(1)** visiting a relative who is dying;

        **(2)** attending a funeral of a relative;

        **(3)** obtaining medical treatment not otherwise available;

        **(4)** contacting a prospective employer;

        **(5)** establishing or reestablishing family or community ties; or

        **(6)** engaging in any other significant activity consistent with the public interest…"

17. Granting Mr. Young a furlough is permitted so that he can obtain medical treatment that is not available as well as for the purpose of "engaging in … significant activity consistent with the public interest."

18. In accordance with these subsections, the BOP is authorized by statute to release Mr. Young on an extendable 30-day furlough. *See* 18 U.S.C. § 3622.

19. Mr. Young faces irreparable harm should he be denied prompt relief. His life, and not just his liberty, is at stake.

## CONCLUSION

For the reasons detailed in this application, Mr. Young respectfully requests that the Court grant the writ of habeas corpus as "law and justice require" under 28 U.S.C. § 2243 and:

a. Issue a temporary restraining order for immediate transfer of Petitioner to home confinement and/or a hospital without delay for 30 days while this Writ application is pending; or, in the alternative,

b. Authorize discovery and set this matter for an expedited hearing on the merits while conditionally releasing the Petitioner during litigation.

Dated: New York, New York
January 21, 2021

Respectfully submitted,

/S/
_____
Michael K. Bachrach
224 West 30th Street, Suite 302
New York, NY 10001
Office: (212) 929-0592
Cell: (917) 304-5044
Michael@MBachlaw.com

Daniel S. Parker
Parker and Carmody, LLP
850 Third Ave., 14th Floor
New York, NY 10022
(917) 670-7622
DParker@ParkerandCarmody.com

*Attorneys for Petitioner Troy Young*